# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHALONDA NICHOLE LASHE PAGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-1651-SRW |
| WARREN COUNTY POLICE DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by Shalonda Nichole Lashe Page, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons discussed below, plaintiff will be given the opportunity to file a second amended complaint.

### Background

Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against the following nine defendants: Warren County Police Department; Warrenton Police Department; Warren County Prosecuting Attorney Kelly King; Warren County and City Family Services; Warrenton Mayor Eric Schleuter; and correctional officers Jason Edwards, Mark Strozer, Jesse Deathridge, and Julie Unknown. The complaint was composed in the form of a long narrative and did not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. The complaint ran afoul of the rules governing joinder of parties and joinder of claims, inasmuch as it set forth numerous unrelated claims against multiple defendants. The complaint also failed to allege facts that would state a plausible claim for relief.

Upon initial review, the Court determined the complaint was subject to dismissal, and entered an order on February 16, 2021 directing plaintiff to file an amended complaint. In that

order, the Court explained the deficiencies of the original complaint, and gave plaintiff clear instructions about how to remedy the defects. Plaintiff has now filed an amended complaint, which the Court must review pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not

2

alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the Warren County Jail[1] and the following eight individuals: Jason Edwards, Mark Strozer, Eric Schleuter, Anthony Pruessner, Jesse Deathridge, Nikko Unknown, Julie Unknown, and "Tiny." Plaintiff identifies the individual defendants as Warren County Jail employees, and also identifies Schleuter as the mayor of the City of Warrenton. Plaintiff sues all of the individual defendants in their official capacities.

Unfortunately, plaintiff did not follow all of the instructions in the Court's February 16, 2021 order. Rather than provide a short and plain statement of her claims, plaintiff provided a long narrative that contains a great deal of irrelevant information. She again asserts numerous unrelated claims against multiple defendants. For example, plaintiff claims Edwards harassed her in 2013, Edwards and Strozer "attacked" her and pinned her to the wall in 2017, Nikko Unknown sexually harassed her in 2019, Strozer sexually harassed her in 2020, Deathridge "beat [her] up" at an unspecified time, Schleuter accused her of lying, and so forth.

### Discussion

The amended complaint is subject to dismissal. Plaintiff's claims against the Warren County Jail fail as a matter of law because that entity is not one that is subject to suit under 42

---

[1] After filing the amended complaint, plaintiff filed a letter stating she actually intended to sue the City of Warrenton, not the Warren County Jail. (ECF No. 7). Plaintiff did not attach a proposed amended complaint to the letter. This Court's Local Rules provide that "self-represented litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court." E.D.Mo. L.R. 4.04(A). Nevertheless, the Court will consider whether the amended complaint would state a valid claim against the City of Warrenton.

U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if plaintiff had properly named the City of Warrenton as a defendant, the amended complaint would not state a valid municipal liability claim because it contains no allegations that could be construed as alleging a policy or custom of unconstitutional action. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978).

The amended complaint also fails to state a claim upon which relief may be granted against the individual defendants. Plaintiff identifies the individual defendants as municipal employees and Warren County Jail officials, and she sues them in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, as noted above, the Warren County Jail is not an entity subject to suit under 42 U.S.C. § 1983, and the amended complaint does not state a valid municipal liability claim. *See Monell*, 436 U.S. at 690-91.

Even if plaintiff had named the individual defendants in their individual capacities, the amended complaint would be subject to dismissal. In an apparent attempt to bring claims of excessive force, plaintiff alleges that on different occasions, different defendants attacked her, pinned her to a wall, and beat her up. However, plaintiff alleges no facts permitting the inference that any force used was excessive or unreasonable and amounted to a constitutional violation. Plaintiff also indicates an intent to claim that on different occasions, different defendants subjected her to sexual harassment and/or abuse. However, she alleges no facts permitting the inference that the alleged misconduct amounted to sexual harassment or sexual assault sufficient to maintain a § 1983 action against any named defendant. Although plaintiff was not required to allege facts in painstaking detail, she was required to allege sufficient facts to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Plaintiff also describes numerous

instances of verbal abuse. However, verbal threats and name calling are not typically actionable under § 1983. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992), *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).

Finally, plaintiff has named multiple defendants and asserted multiple claims concerning unrelated events that occurred over a seven-year period. As this Court previously advised plaintiff, that is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple unrelated claims against different defendants. For example, a claim that one corrections officer subjected plaintiff to excessive force in 2017 cannot be joined in the same lawsuit as a claim that a different corrections officer subjected plaintiff to sexual abuse in 2020.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

The Court will not dismiss this action at this time and will instead give plaintiff the opportunity to file a second amended complaint. Plaintiff is advised that the second amended complaint will replace the original and amended complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established

5

that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant she intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to her claim. Plaintiff must also specify the capacity in which she sues the defendant.[2]

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming her. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will

---

[2] Plaintiff's failure to name a defendant in his or her individual capacity may result in the dismissal of that defendant.

6

have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff may not amend or supplement any complaint by filing separate documents containing changes she wants made to certain parts. Instead, plaintiff must file a single comprehensive second amended complaint that sets forth her claims for relief. Plaintiff is reminded to avoid writing letters in an attempt to communicate with the Court regarding this pending action. *See* E.D.Mo. L. R. 4.04(A). Plaintiff shall have thirty days to file a second amended complaint, and the second amended complaint will be subject to review under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file a second amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case, without prejudice and without further notice.**

Dated this 26th day of July, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

7