# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHALONDA NICHOLE LASHE PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1651-JCH |
| | ) | |
| WARREN COUNTY POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a second amended complaint filed by Shalonda Nichole Lashe Page, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons discussed below, the Court will partially dismiss the second amended complaint, and will direct the Clerk to issue process upon defendant Jesse Deathridge in his individual capacity.

## Background

Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 to redress alleged wrongdoing that occurred while she was incarcerated at the Warren County Jail. She filed the complaint against the following defendants: the Warren County Police Department; the Warrenton Police Department; Warren County Prosecuting Attorney Kelly King; Warren County and City Family Services; Warren County Jail official and Warrenton Mayor Eric Schleuter; and correctional officers Jason Edwards, Mark Strozer, Jesse Deathridge, and Julie Unknown.

The complaint was composed in the form of a long and rambling narrative, and plaintiff's allegations were conclusory and failed to state a plausible claim for relief against any defendant. Additionally, the complaint purported to assert multiple unrelated claims against multiple defendants. Recognizing that leave to amend should be freely given when justice so requires, Fed.

R. Civ. P. 15(a), the Court gave plaintiff the opportunity to file an amended complaint. In so doing, the Court explained the importance of alleging facts in support of the claims asserted, and clearly explained the requirements of Rules 18 and 20 of the Federal Rules of Civil Procedure.

Plaintiff timely filed an amended complaint, but did not correct the deficiencies of the original. Notably, plaintiff persisted in attempting to assert multiple unrelated claims against multiple defendants. For example, plaintiff claimed one defendant harassed her in 2013, another defendant harassed her in 2019, and another used excessive force against her at an unspecified time. The Court gave plaintiff a second opportunity to amend her pleadings, again explaining the rules governing joinder and the necessity of alleging facts in support of the claims asserted. The Court also explained the consequences of suing the defendants in their official capacities. Plaintiff has now filed a second amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need

not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Second Amended Complaint**

Plaintiff filed the second amended complaint pursuant to 42 U.S.C. § 1983 against the following eight defendants: Jesse Deathridge, Mark Strozer, Nikko Unknown,[1] Jason Edwards, Eric Schleuter, Anthony Pruessner, Tiny Unknown, and Julie Unknown. Plaintiff sues Strozer, Deathridge and Nikko Unknown in their official and individual capacities, and she sues Edwards, Schleuter, Pruessner, Tiny Unknown and Julie Unknown in their official capacities only. Plaintiff identifies all of the defendants as Warren County Jail officials, and she indicates that Schleuter also serves as the Mayor of the City of Warrenton.

Plaintiff seeks to redress various forms of alleged misconduct that occurred in 2020 while she was incarcerated in the Warren County Jail. First, she alleges that between January 2020 and April 3, 2020, Deathridge "violated me by banging my head on concrete ground, putting wel[t]s

---

[1] Plaintiff alternately spells this defendant's first name as "Nicko."

3

and bruises on my wrist that left bruising for weeks gave me a black [eye] on [] left corner of eye." She also claims Deathridge violated jail rules by entering the bathroom while she was dressing, and "denied me medical attention."

Plaintiff's claims against the remaining defendants are largely conclusory, and are based primarily upon allegations of verbal abuse and verbal harassment. Condensed and summarized, plaintiff alleges as follows. From January 2020 to April 3, 2020, Edwards verbally harassed her, threatened to take away privileges, accused her of lying, and made her wait a few hours before showering; Strozer made "sexual comments," was "really mean" to her, and verbally abused her; Schleuter and Julie Unknown verbally abused her and somehow allowed unspecified abuse to continue even though plaintiff filed grievances; Pruessner asked plaintiff to be his girlfriend, told her to avoid talking to others, suggested sexual favors, and pretended to be her friend; Nikko Unknown made sexual comments and laughed at her; and Tiny Unknown told her he was going to put her in G Pod with female inmates who were "checking [her] out." Plaintiff states that after she filed grievances, "Nicko still was allowed to touch me and work in institution and able to have communication with me in 2020." Plaintiff does not explain what she means by that, nor does she specifically allege that Nikko Unknown ever touched her in any manner, much less a sexual or otherwise inappropriate manner.

The second amended complaint includes a section in which plaintiff references the defendants collectively, and states they violated her Eighth Amendment right to be free from cruel and unusual punishment, deprived her of due process, and violated Warren County Jail policies and Missouri law. She seeks monetary relief in an unspecified amount.

**Discussion**

The Court first addresses plaintiff's individual capacity claims against Deathridge. Plaintiff can be understood to claim that Deathridge used excessive force against her between January 2020

4

and April 2020. In support, plaintiff alleges Deathridge banged her head on concrete, put welts and bruises on her wrist, and gave her a black eye. While plaintiff's second amended complaint is hardly a model of proper pleading practice, the Court finds that these allegations are sufficient to survive initial review. The Court will therefore allow plaintiff's individual capacity claims of excessive force against Deathridge to proceed.

Plaintiff also claims Deathridge is liable to her because he entered the bathroom while she was dressing, even though men are not supposed to enter a bathroom occupied by a female inmate. Plaintiff does not allege that Deathridge knew she was in the bathroom at the time, or that he engaged in any misconduct after entering. Instead, plaintiff can be understood to claim that Deathridge is liable to her because he violated jail rules by entering. Such allegations do not state a cognizable claim for relief because plaintiff has no federally-protected interest in having jail officials follow jail policies. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (1996)) ("there is no constitutional liberty interest in having ... prison officials follow prison regulations."). Finally, plaintiff states without support that Deathridge "denied me medical attention." This is a wholly conclusory allegation that is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678. Accordingly, these allegations do not state a viable claim against Deathridge.

The Court now addresses plaintiff's individual capacity claims against Strozer and Nikko Unknown. Plaintiff claims that Strozer made comments of a sexual and otherwise inappropriate nature between January 2020 and April 2020 and/or September 2020 and October 2020, and Nikko Unknown made sexual comments and ridiculed her sometime during 2020. Plaintiff does not allege that Strozer or Nikko Unknown ever made physical contact with her or threatened to do so, that she feared they would do so, or anything else tending to show their conduct violated her federally-protected rights. While plaintiff's allegations might permit the inference that Strozer and

5

Nikko Unknown possibly engaged in misconduct, plaintiff has failed to set forth facts to nudge her claims across the line from conceivable to plausible, despite having repeated chances to do so. *See Twombly,* 550 U.S. at 570. As the Court previously explained to plaintiff, verbal abuse, without more, does not rise to the level of a constitutional violation sufficient to maintain a § 1983 action. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992), *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).

Even if plaintiff had adequately stated plausible claims against these defendants, they would be dropped and dismissed from this action without prejudice. Plaintiff does not allege that Strozer and Nikko Unknown participated in the same transaction or occurrence or series of transactions or occurrences as Deathridge, and these claims do not share common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2), 21. Plaintiff would have ample time to bring claims against Strozer and Nikko Unknown for alleged misconduct occurring in 2020, as the applicable statute of limitations is five years. *See Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) (noting the five-year Missouri statute of limitations applicable to § 1983 claims arising in Missouri). Therefore, for these reasons, the Court will dismiss Strozer and Nikko Unknown from this action, without prejudice.

The Court now turns to plaintiff's official capacity claims. As noted above, plaintiff sues Deathridge in his official and individual capacity, and she sues Edwards, Schleuter, Pruessner, Tiny Unknown and Julie Unknown in their official capacities only. As this Court previously explained to plaintiff, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff identifies the defendants as Warren County Jail officials, and she indicates that Schleuter also serves as the Mayor of Warrenton. However, as this Court previously explained, a department or subdivision of local government (like the Warren County Jail) is not

an independent legal entity that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Additionally, plaintiff makes no attempt to demonstrate there was a policy or custom of unconstitutional action, as would be necessary to state a claim against the municipality. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978).  The Court therefore concludes that plaintiff's official capacity claims against Deathridge, Edwards, Schleuter, Pruessner, Tiny Unknown and Julie Unknown fail as a matter of law. Plaintiff's official capacity claims against Deathridge will be dismissed, and because plaintiff sued Edwards, Schleuter, Pruessner, Tiny Unknown and Julie Unknown in their official capacities only, they will be dismissed entirely from this action.

Even if plaintiff had sued Edwards, Schleuter, Pruessner, Tiny Unknown and Julie Unknown in their individual capacities, the second amended complaint would fail to state a viable claim against them. Plaintiff alleges no facts permitting the inference that Schleuter or Julie Unknown were directly involved in or personally responsible for any specific violation of her constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Plaintiff's remaining claims against Schleuter and Julie Unknown, along with her claims against Edwards, Pruessner and Tiny Unknown, do not state claims of constitutional dimension because they are either based upon allegations of verbal abuse, or otherwise describe trivial matters that do not implicate plaintiff's federally-protected rights. Finally, based upon the limited allegations against these defendants in the second amended complaint, it does not appear that plaintiff intends to claim they participated in the same transaction or occurrence or series of transactions or occurrences as Deathridge. It therefore does not appear these defendants could be properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Accordingly, for all of the foregoing reasons,

7

**IT IS HEREBY ORDERED** that defendants Mark Strozer and Nikko Unknown are **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that defendants Jason Edwards, Eric Schleuter, Anthony Pruessner, Tiny Unknown and Julie Unknown are **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Jesse Deathridge are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the second amended complaint as to defendant Jesse Deathridge in his individual capacity. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Warren County Jail, 104 West Main Street, Warrenton, Missouri 63383.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 5th day of January, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE