# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHALONDA NICHOLE LASHE PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1651-JCH |
| ) | |
| WARREN COUNTY POLICE DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons explained below, this action will be dismissed without prejudice.

Plaintiff filed this case to redress alleged violations of her civil rights. In the original, amended, and second amended complaints, she named Jesse Deathridge as one of the defendants, and identified him as a Warren County Jail official. On January 5, 2022, the Court dismissed all of the defendants from this action with the exception of Deathridge, leaving him the sole defendant. The Court directed that service of process be effected upon the second amended complaint as to Deathridge.

On March 9, 2022, service was returned unexecuted after Deputy U.S. Marshals were unable to locate Deathridge. The Return of Service indicated that Deathridge did not work at the Warren County Jail, and that three service attempts made at different residential locations were unsuccessful. On March 11, 2022, this Court entered an order in which it explained the foregoing, and directed plaintiff to provide adequate information to allow Deathridge to be served. The Court cautioned plaintiff that dismissal could result from her failure to respond or

demonstrate good cause. Plaintiff's response to the Court was due on April 1, 2022, but to date, she has neither responded to the Court's order, nor sought additional time to do so.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the case at bar, the sole defendant has not been timely served in accordance with Rule 4(m). Reasonable efforts were made to locate the defendant at the place of employment identified by plaintiff and at other locations, but despite such efforts, he cannot be found. Additionally, plaintiff has failed to respond to the Court's order directing her to provide information necessary to effectuate service of process, and the time for doing so has passed. There is no basis to conclude that there is cause for an extension in this case. According to Rule 4(m), the Court must therefore dismiss this action without prejudice as to Deathridge. Because Deathridge is the sole defendant in the operative complaint, the Court will dismiss this action, without prejudice, in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of April, 2022.

/s/ Jean C. Hamilon
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE